IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NIXALIZ MESTRE,<br><br>        Plaintiff,<br><br>v.<br><br>SEPHORA USA, INC.,<br><br>        Defendant. | CIVIL ACTION FILE<br>NO. 1:24-CV-01908-WMR-JEM |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I.  INTRODUCTION.**

Claims alleging that an employer retaliated against an employee for "opposing" a discriminatory practice or policy require that a plaintiff actually opposed that policy or practice, that she did so because she believed the policy or practice to be illegal, and that the employer knew both of those things.  Plaintiff's retaliation claims fail precisely because she has not pled these critical facts.

**II.  PLAINTIFF'S ALLEGATIONS.**

Plaintiff began working as a manager for one of Defendant's stores in Alpharetta, Georgia, in January 2020. (Dkt. No. 13, ¶ 12). At that time, Plaintiff's manager told her that Defendant practiced a hiring strategy that aimed to match its sales associates with the demographic profile of the customer base at specific locations. (*Id.,* ¶ 14). Plaintiff contends this practice violates federal anti-discrimination law. (*Id.,* ¶¶

1, 15, 29, 34).

Notwithstanding this alleged policy, Plaintiff contends she made hiring decisions which "prioritized qualifications and experience…" (*Id.,* ¶17). Plaintiff's merit-based hiring approach produced a diverse sales force. (*Id.*).

Managers who resist tailoring their hiring to racial ethnicity allegedly face consequences, as their capacity to make unilateral hiring decisions was often curtailed. (*Id*. ¶16). Plaintiff's manager joined job interviews and exercised veto power over selections, which contrasted with Defendant's usual hiring latitude afforded to managers. (*Id.*).

Plaintiff was passed over for two training manager positions in 2021, which were given to white females. (*Id.*, ¶ 18). In July 2022, Plaintiff was the subject of a complaint by a white sales employee that there were morale issues among store employees. (*Id.*, ¶ 19). In investigating that complaint, Defendant ignored most of the racial minorities within Plaintiff's store, and instead focused its interviews on white employees. (*Id.*, ¶ 20). Later that year, a white assistant store manager was transferred to Plaintiff's store without any input from Plaintiff, which was a departure from the company's customary practice of giving store managers deference to hire their store leadership. (*Id.*, ¶ 21).

In February of 2023, Plaintiff received her annual performance evaluation, which was the worst of her career, despite her store being one of Defendant's highest-selling stores in the Atlanta metro area (*Id.*, ¶ 22). Then, on April 26, Plaintiff was placed on a performance improvement plan ("PIP"). (*Id.*, ¶ 23). One sentence of that PIP stated

that "[w]hen hiring Beauty Advisors, Lizzie [Plaintiff] has opportunity networking and recruiting all demographics to work within her building." (*Id*.).[1] At the time of this PIP, 17 employees at Plaintiff's store were non-white, and nine were Caucasian. (*Id*., ¶ 24).

Plaintiff was terminated on May 15, 2023. (*Id*., ¶ 25). Plaintiff asserts that Defendant's proffered reason for terminating her employment was her failure to discipline an employee who had violated Defendant's policies against pursuit of shoplifters. (*Id*.). Plaintiff claims that her termination for this offense was highly unusual, since managers are typically not terminated for a first offense that does not involve harassment or misfeasance. (*Id*.).

Instead of Defendant's proffered reason for termination, Plaintiff contends in Counts I and II of her Amended Complaint that she was terminated for "refusing to comply with [Defendant's] race-conscious hiring policies…" (*Id*., ¶¶ 1, 29, 34).

Plaintiff did not plead that she actually communicated to Defendant that she was "opposing" their alleged hiring policy, nor that she was doing so because she believed the policy to be illegal.

---

[1] Plaintiff's PIP is attached hereto as Attachment 1, and her Performance Review is Attachment 2. This court may consider the PIP and the Performance Review without converting Defendant's motion to dismiss into a motion for summary judgment. *See*, *Chesnut v. Ethan Allen Retail, Inc.*, 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013) (consideration of documents outside of the pleadings did not require converting defendant's motion to dismiss into one for summary judgment.) Here, Plaintiff specifically referred to her PIP and Performance Review as support for her assertion that she was retaliated against (Dkt. 13, ¶¶ 22, 23). Defendant submits there is no question as to the authenticity of these documents.

## III. ARGUMENT.

### A. Plaintiff Did Not Plead That She *Opposed* Defendant's Alleged Hiring Policy nor That Defendant *Knew* She Was Opposing It.

The 11th Circuit Court of Appeals has stated that "[a]lthough 'opposition' does not require 'active, consistent behavior,' it requires at least the disclosure of any individual's position or opinion on a matter." *Thampi v. Manatee Cnty Bd. of Commissioners*, 384 Fed. App'x. 983, 990 (11th Cir. 2010), *citing Crawford v. Metro. Gov't of Nashville and Davidson Cnty*, 555 U.S. 271, 277 (2009). Thus, a retaliation claim requires facts indicating that an employee opposed an employment policy or practice, and that the employer knew the employee was engaged in that opposition: "[A]n employee engages in protected activity by opposing an employment action based on a good faith, objectively reasonable belief that the conduct violates Title VII…An employee must then make his opposition known to his employer…" *Siddeeq v. DeKalb Cnty*, 2019 WL 13116611, *8, n. 6 (N.D. Ga. 2019).

For the opposition to be known by an employer, the employee's opposition must be overt: "An employee must…make his opposition known to his employer in the form of a complaint or an *overt* rejection of the employment practice." (*Id.*) (emphasis added). *See also*, *Locascio v. BBDO Atlanta, Inc.*, 56 F.Supp.3d 1356, 1364 (N.D. Ga. 2014) ("The 'opposition' must be made know[n] to the employer in the form of a complaint *or some overt rejection* of what the employee believes to be an illegally discriminatory practice or decision") (emphasis added), *quoting Chandler v. Infinity Ins. Grp.*, 2014 WL 2547826 at *12 (N.D. Ala. June 4, 2014).

4

Employee "opposition" that is not overt, and which is thus not known by an employer, cannot give rise to a retaliation claim. *See, Norris v. Honeywell Int'l Inc.*, 2023 WL 6256183 at *17, *20 (M.D. Fla. 2023) (retaliation claim dismissed given that plaintiffs pled only that they "refused to comply" with their employer's allegedly discriminatory mandate, but did not also plead any "indication that they raised the issue of…discrimination" as to that mandate.); *Lard v. Alabama Alcoholic Beverage Control Bd.*, 2012 WL 5966617 at *3 (M.D. Ala. 2012) (employee's "refusal to comply with his employer's allegedly discriminatory act of ordering him to resign" was not actionable opposition, given "no allegation that [the employee] complained that his being directed to resign was an act of racial discrimination…"); *Lowe v. STME, LLC*, 354 F. Supp. 3d 1311, 2019 WL 1921910, at *3 (M.D. Fla. 2019) (plaintiff's mere refusal to follow employer's directive did not constitute actionable opposition, given that plaintiff did not also communicate that she was refusing the directive in opposition to discrimination.)

Plaintiff herein did not plead that she actually informed Defendant, through any sort of oral or written complaint, that she opposed its hiring policy.[2] Rather, Plaintiff alleged, in conclusory fashion, that she "refus[ed] to comply." [Dkt. ¶¶ 29, 34] This conclusory recitation of an essential fact is legally meaningless and does not sufficiently establish that Plaintiff "opposed" Defendant's alleged hiring policy, or that Defendant

---

[2] Indeed, in opposing Defendant's motion to dismiss her initial Complaint, Plaintiff affirmed that she did not raise any such complaint to Defendant: "It is true that Mestre does not allege that she lodged a complaint or vocalized her opposition to Sephora's hiring policy." (Dkt. 14-1, p. 5).

5

was aware that Plaintiff was "opposing" its policy. *See*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Gilliam v. U.S Dep't of Veterans Affs.*, 822 F. App'x. 985, 989 (11th Cir. 2020) ("[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).

Equally unavailing is the fact that Plaintiff's "hiring decisions prioritized qualifications and experience…" and her Performance Improvement Plan "criticized [her] for not availing herself of opportunities to recruit 'all demographics to work within her building." [Dkt. 13, ¶¶ 17, 23; attachment 1.] The mere fact that Defendant allegedly had a hiring policy, that Plaintiff did not make hiring decisions in accord with that policy, and that she was counseled for not following that policy does not plausibly establish ***why*** Plaintiff failed to follow policy, nor that Defendant ***was aware of*** that reason. The Amended Complaint simply contains no facts plausibly indicating that Plaintiff's policy non-compliance was due to opposition, and that Defendant understood that Plaintiff was opposing its alleged policy.

Indeed, Plaintiff's Amended Complaint arguably makes it more plausible that Defendant viewed Plaintiff's policy non-compliance to be a performance failure, not

6

active opposition. In Plaintiff's performance review, she did not write that she opposed Defendant's alleged hiring preferences. Instead, she said she fully embraced them: "we always ensure that our hiring decisions reflect the market demographics and our environment." (Attachment 2, p. 3).[3]

It is thus just as likely that Plaintiff's Amended Complaint indicates that Defendant believed Plaintiff's hiring decisions were the result of failed execution, not overt opposition. Pleadings that only proffer "this or that" liability scenarios do not satisfy Rule 12's plausibility requirement. *See, Bell Atl. Corp.*, 550 U.S. at 557 (allegations that are 'merely consistent with' liability "stop[] short of the line between possibility and plausibility."); *Doe v. Samford Univ.*, 29 F.4th 675, 688 (11th Cir. 2022) (dismissing discrimination claim, noting that, while defendant's alleged deviation from policy may be consistent with discrimination, such inconsistency did not make the discrimination allegation plausible.)

In short, Plaintiff never pled facts plausibly indicating that she overtly "opposed" Defendant's alleged hiring policy, nor that Defendant knew that Plaintiff was "opposing" it. The absence of such facts compels the dismissal of Plaintiff's retaliation claims. *See*, *Chandler*, 2014 WL 2547826, at *12 (dismissing retaliation claim given

---

[3] Plaintiff also characterized her policy non-compliance as a "failure," not a "refusal," stating in response to Defendant's first motion to dismiss that "… most fundamentally, the complaint points out that in her PIP issued a month before her firing, one of her alleged deficiencies was a *failure* to recruit 'all demographics to work within her building.'" (Dkt. 14-1, p. 6) (emphasis added).

7

that "[n]othing about [plaintiff] 'standing pat'…plainly indicated that she was opposing religious discrimination taking place."); *Pitrolo v. Cnty. of Buncombe*, 2009 WL 1010634, *3, 6. (4th Cir. Mar. 11, 2009) ("…*Crawford* does not extend to cases where employees do not communicate their views to their employers through purposive conduct.")

### B. Plaintiff Did Not Plead that Defendant Knew She Opposed Its Hiring Policy *Because* She Believed It to Be Discriminatory.

In addition to alerting an employer that an employee is opposing a policy, that employee must also notify the employer that opposition is occurring *because* the employee believes the policy is illegal: "Even after *Crawford,* to engage in protected activity, the employee must still, 'at the very least, communicate her belief that discrimination is occurring to the employer,' and cannot rely on the employer to 'infer that discrimination has occurred.'" *Demers v. Adams Homes of Nw. Fla. Inc.*, 321 Fed. App'x. 847, 852(11th Cir. 2009), *quoting Webb v. R & B Holding Co., Inc.*, 992 F. Supp. 1382, 1390 (S.D. Fla. 1998).

Plaintiff never pled in her Amended Complaint that she somehow conveyed to Defendant her belief that its alleged hiring policy was illegal. That allegation is simply absent from her Amended Complaint. This pleading failure dooms Plaintiff's retaliation claims. *See, Fields v. Locke Lord Bissell & Liddell LLP*, 2009 WL 2341981, *14 (N.D. Ga. 2009) ("Plaintiff has not cited any authority in support of her argument that merely sending a copy of the email…could be considered an act of 'opposition' *without*

8

*expressing a belief* that the statements in the e-mail were motivated by race or sex discrimination.") (emphasis added); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1323 (N.D. Ga. 2009) (in order for a court to find an employee's opposition qualifies as protected speech, "the employee must, at the very least, *communicate her belief* that discrimination is occurring to the employer….It is not enough for the employee merely to complain about a certain policy…and rely on the employer to infer that discrimination has occurred.") (emphasis added); *Toines v. Whole Foods Market Group, Inc.*, 2009 WL 10699236, *7, *8 (N.D. Ga. 2009) ("The employee must show that he opposed the employment action or decision because it was discriminatory and, therefore, *put the employer on notice* that he was protesting an illegal employment practice") (emphasis added), *quoting EEOC v. Shoney's Inc.*, 536 F. Supp. 875, 877 (N.D. Ala. 1982); *Pearson v. City of Acworth, Ga.*, 2005 WL 8154666, *10-11 (N.D. Ga. 2005) (while plaintiff undeniably communicated his opposition to his employer as to employment practices, his retaliation claims were nevertheless dismissed because he failed to *also* indicate to employer that he opposed those practices because they were discriminatory.)

Thus, even if it were assumed that Plaintiff "opposed" Defendant's alleged hiring policy, and that Defendant understood that Plaintiff was "opposing" it, Plaintiff nevertheless still failed to plead facts plausibly indicating that Plaintiff made Defendant

aware that she opposed its alleged policy because she believed it to be discriminatory.[4]

This pleading failure warrants dismissal of her retaliation claims. (*Id.*)

Dated:     August 2, 2024.

                                         */s/ Kurt Peterson*
                                         Kurt Peterson, Bar No. 574408
                                         kpeterson@littler.com
                                         Nichole C. Novosel, Bar No. 784108
                                         nnovosel@littler.com

                                         LITTLER MENDELSON, P.C.
                                         3424 Peachtree Road N.E. Suite 1200
                                         Atlanta, GA  30326.1127
                                         Telephone:        404.760.3910
                                         Facsimile:         404.233.2361

                                         Attorneys for Defendant SEPHORA USA, INC.

---

[4] Indeed, as noted above, Plaintiff affirmatively stated in her performance review that she "always ensures that our hiring decisions reflect the market demographics and our environment." (Attachment 2, p. 3).

10

## **FONT CERTIFICATION**

Pursuant to Rule 7.1 of the Local Civil Rules for the North District of Georgia, the undersigned hereby certifies that this pleading has been prepared in compliance with Local Rule 5.1(C) because this document has been prepared in Times New Roman, 14-point type.

*/s/ Kurt Peterson*
Kurt Peterson
Georgia Bar No. 574408

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NIXALIZ MESTRE,<br><br>        Plaintiff,<br><br>v.<br><br>SEPHORA USA, INC.,<br><br>        Defendant. | CIVIL ACTION FILE<br>NO. 1:24-CV-01908-WMR-JEM |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2024, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SEPHORA USA, INC.'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court via the CM/ECF system, and will be sent electronically to the registered participants identified on the Notice of Electronic Filing, including:

Artur Davis
adavis@hkm.com

Jermain "Jay" Walker
jwalker@hkm.com

                                       */s/ Kurt Peterson*
                                       Kurt Peterson
                                       Georgia Bar No. 574408